**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DAKOTA LOMAX                                                                                    PLAINTIFF
ADC #132458

V.                                          NO: 5:14CV00206 KGB/HDY

JAMES BANKS *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of

1

proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Dakota Lomax, an Arkansas Department of Correction ("ADC") inmate, filed a *pro
se* complaint on May 29, 2014, alleging that his due process and equal protection rights were
violated when he received a disciplinary sanction for an altercation and the other involved inmate
did not. According to Plaintiff, he and inmate D. Anderson were involved in a physical altercation
on February 11, 2014, and they each received disciplinary charges. However, Plaintiff had a hearing
on his charges, was convicted, and was sentenced to punitive time, lost good time, and was reduced
in class. Anderson received a hearing extension on his charges, and, before he had a hearing, was
released on parole, which allowed him to escape punishment for his role in the incident.

On June 16, 2014, the Court entered an order finding that Plaintiff's complaint was too vague
to determine if he stated a claim for relief, and directing him to file an amended complaint within
30 days. On June 24, 2014, Plaintiff filed a motion to amend his complaint, in which he asserts that
Anderson's extension was given at the behest of the warden, who violated prison policy by
intervening in the matter. Because neither the allegations in Plaintiff's original complaint, nor those
set forth in his motion to amend, state a claim for relief, Plaintiff's complaint should be dismissed.

2

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

Although Plaintiff asserts his due process rights were violated, he concedes in his complaint that he had a hearing on the charges.  In fact, Plaintiff attached a copy of the hearing officer's decision explaining the reasons for her decision, and the evidence she relied upon.  The United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board.  *Superintendent*

*v. Hill*, 472 U.S. 445, 455 (1985).   Plaintiff's complaint and attachments demonstrate that he received due process.   Additionally, although Plaintiff claims his equal protection rights were violated, he has not identified any constitutionally impermissible reason for the alleged unequal treatment, in either his original complaint or his motion to amend, despite being provided additional time to do so.   *See Weiler v. Purkett*, 137 F.3d 1047, 1051-52 (8th Cir.1998) (en banc) (plaintiff failed to identify classification system by which inmates were treated differently, or to present evidence difference in treatment was motivated by membership in a suspect class or that it burdened a fundamental right).   Finally, to the extent that any prison policies were violated by the warden's actions, such violations do not amount to constitutional violations.   *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4.      All pending motions be DENIED AS MOOT.

DATED this   27   day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE